UNITED STATES

v.

**Airman John B. MARSTON, FR 212–56–3448, United States Air Force**

and

**Senior Airman Joseph D. McKenzie, FR 263–71–0279, United States Air Force.**

ACM 25295 and 25296.

U.S. Air Force Court of Military Review.

Sentence Adjudged in Marston 11 Feb. 1986.

Sentence Adjudged in McKenzie 12 Feb. 1986.

Decided 2 July 1986.

Appellate Counsel for the Accused: As to both MARSTON and McKENZIE—Colonel Leo L. Sergi and Lieutenant Colonel Michael D. Wims and Lieutenant Colonel Edward F. Rodriquez, Jr., USAFR.

Appellate Counsel for the United States: As to both MARSTON and McKENZIE—Colonel Kenneth R. Rengert and Lieutenant Colonel Robert E. Giovagnoni.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Senior Airman Joseph D. McKenzie and Airman John B. Marston are both assigned to Homestead Air Force Base, Florida. In separate trials they pled guilty to various drug offenses involving cocaine and marijuana.[1] McKenzie was sentenced to a bad conduct discharge, total forfeitures, confinement for three years and reduction to airman basic. Marston received a like sentence except his confinement was limited to 15 months. Both claim they are entitled to additional administrative credit toward their sentence to imprisonment because of the conditions attending their pretrial confinement.

Apparently, Homestead Air Force Base has a local policy that individuals placed in pretrial confinement are prohibited from wearing any grade insignia. This policy had been in effect for some years, and was implemented from a desire to insure that "everyone is considered equal" in prison.

---

1. Airman Marston was also convicted of wrong-fully appropriating a motor vehicle.

Since the governing regulation [2] did not permit sentenced and adjudged prisoners to wear their rank insignia, it seemed only "fair" to withdraw that "privilege" from pretrial confinees.

■ This local interpretation of paragraphs 3–7b and c, Air Force Regulation 125–18, *Operation of Air Force Correction and Detention Facilities,* dated 1 February 1980, was presumably made without regard to the general regulation that makes the wearing of grade insignia a *required item* on both the service dress and the fatique uniform. Air Force Regulation 35–10 (15 September 1983), *Dress and Personal Appearance of Air Force Personnel,* para. 2–3 and 2–5k. Additionally, RCM 304(f) prohibits the wearing, by pretrial confinees, of "special uniforms prescribed only for post-trial prisoners." Air Force Regulation 125–18 states that only adjudged and sentenced prisoners are to wear uniforms without insignia of rank. Reading all available guidance on this issue, it appears to us that pretrial confinees are not only permitted but are required to wear their rank when in uniform, and the local policy prohibiting it is a violation of existing directives. We suggest that those charged with the administration of military justice make inquiries to determine the extent of this prohibition at other Air Force installations.

■ While we agree that both appellants were entitled to wear their rank while awaiting trial, the denial of this privilege was not such an onerous condition as to require additional administrative credit toward the sentence to confinement. See *United States v. Palmiter,* 20 M.J. 90 (C.M.A.1985). The trial judge correctly denied the motion. The findings of guilty and the sentence as to each appellant are

AFFIRMED.

Senior Judge FORAY concurs.

Judge MICHALSKI did not participate in this decision.

---

2. Air Force Regulation 125–18, *Operation of Air Force Correction and Detention Facilities,* dated

1 February 1980.