Danny H. MOORE, Petitioner,

v.

Major J.D. AKINS, USMC, Commanding Officer, Brig, Marine Corps Base, Camp Lejeune, N.C.; Major General D.R. GARDNER, USMC, Commanding General, Marine Corps Base, Camp Lejeune, N.C., and the United States, Respondents.

Misc. No. 90–15.

U.S. Court of Military Appeals.

June 22, 1990.

For Petitioner: *William J. Holmes*, Esq. (argued); *Lieutenant Mary Anne Razim*, JAGC, USNR (on brief).

For Respondents: *Lieutenant J. Richard Chema*, JAGC, USN (argued); *Commander Thomas W. Osborne*, JAGC, USN (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

■ If the Court of Military Review reverses the conviction of a servicemember serving a sentence of confinement and the case is certified to our Court, *see* Art. 67(b)(2), Uniform Code of Military Justice, 10 USC § 867(b)(2), under what circumstances, if any, is the servicemember entitled to be released from confinement? This is the question posed by Moore's petition for extraordinary relief.

Our holding is that the servicemember must be released from confinement, unless and until the Government shows reasons, such as risk of flight or obstruction of justice, that warrant keeping him in confinement.

## I

Moore was charged with eight specifications of rape, four specifications of carnal knowledge, and one specification of indecent assault, in violation of Articles 120 and 134, UCMJ, 10 USC §§ 920 and 934, respectively. In each instance, the alleged victim was his stepdaughter. According to the sworn charges, these crimes occurred from May 1983 through September 1985. However, the charges were not received by an officer exercising summary court-martial jurisdiction—the event that tolls the running of the statute of limitations, see Art. 43(b) and (c), UCMJ, 10 USC § 843(b) and (c)—until May 20, 1988.

When the offenses allegedly occurred, the statute of limitations for rape and carnal knowledge was 3 years (Art. 43(b)) and for indecent assault was 2 years (Art. 43(c)).[1] Accordingly, prosecution for any rape or carnal knowledge that occurred before May 20, 1985, and any indecent assault that occurred before May 20, 1986, was barred by the statute of limitations. See RCM 907(b)(2)(B) and Discussion, Manual for Courts–Martial, United States, 1984; para. 68c, Manual for Courts–Martial, United States, 1969 (Revised edition). The Article 32, UCMJ, 10 USC § 832, investigating officer recommended that all but two of the specifications be dismissed because the statute of limitations had run. The staff judge advocate, nonetheless, recommended that all charges and specifications be referred to a general court-martial; and the convening authority did so.

By a motion at trial, Moore successfully invoked the statute of limitations to dismiss all the charges and specifications except for two specifications of rape. Thereafter, contrary to his pleas, he was convicted of both specifications—albeit with some modifications. The military judge, sitting alone, then sentenced him to a dishonorable discharge, confinement for 20 years, forfeiture of $500.00 pay per month for 4 years, and reduction to pay grade E–1. The convening authority mitigated the dishonorable discharge to a bad-conduct discharge and approved the rest of the sentence, but he suspended all confinement in excess of 5 years for the period of confinement served plus 12 months thereafter.

One of the two convictions was for rapes that had allegedly occurred "on or about or between May and June 1985 on several occasions." The Court of Military Review decided on April 16, 1990, that, since the Government had not established the precise dates when these rapes occurred, it had failed to show that prosecution was not barred by the statute of limitations. As to Moore's conviction for the remaining rape—which the military judge found had occurred in August or September of 1985—the Court of Military Review concluded that the evidence was insufficient to prove guilt.[2] Therefore, it dismissed all charges and specifications against petitioner Moore. 30 MJ 962 (1990).

In view of this favorable decision, Moore and his counsel asked that he be released from confinement. When release was not forthcoming, Moore requested on April 24, 1990, that service of his sentence be deferred. On May 16, 1990, the Judge Advocate General of the Navy certified two issues for review by our Court. The request for deferment was denied on June 6, 1990, by the convening authority, who stated, "In light of the serious charges of which you were convicted, I consider it appropriate that you remain confined pending the outcome of the appellate process. As you are no doubt aware, your case has been certified to the United States Court of Military

---

1. The statute of limitations for rape and carnal knowledge was later extended to 5 years; but this extension, which took effect on November 14, 1986, did not apply to offenses already committed and, therefore, was inapplicable to the charges against Moore. Military Justice Amendments, Pub.L.No. 99–661, Title VIII, § 805, 100 Stat. 3816, 3908 (1986).

2. Petitioner maintains that the Court of Military Review made this determination both as a matter of fact and a matter of law. The Government, on the other hand, insists that the court below only ruled on legal sufficiency—an issue which the Government has now raised in this Court by certified question.

Appeals by the Judge Advocate General of the Navy."

## II

In federal and state criminal trials, a defendant may be released on bail pending appeal. *See, e.g.,* 18 USC § 3143. However, when the Uniform Code of Military Justice was first enacted, no similar authority existed to defer service of a court-martial sentence to confinement pending completion of appellate review. In *United States v. May,* 10 USCMA 358, 27 CMR 432 (1959), this Court had held that an accused whose sentence was suspended became a probationer as to the suspended part of the sentence, and the suspension could not thereafter be vacated except after a hearing to establish a violation of probation.

In view of this ruling, Congress was concerned that "[f]or the convicted military accused, no practical provision for release during the period of appellate review now exists." S.Rep. No. 1601, 90th Cong., 2d Sess. 13, *reprinted in* 1968 U.S.Code Cong. & Admin.News 4501, 4513–14; 114 Cong. Rec. 29402 (Oct. 3, 1968). It recognized that—because, under Article 57(b), UCMJ, 10 USC § 857(b), a sentence to confinement begins to run from the date it is adjudged by the court—"a convicted military prisoner must begin serving his sentence to confinement from the date it is adjudged, even though it ultimately may be reversed on appeal. If it is reversed by the Court of Military Appeals, the prisoner probably will have served the entire sentence by the time a decision is rendered. If reversal comes earlier, at the court of military review level, he will at least have served several months of the sentence before reversal." S.Rep., *supra* at 13; 1968 U.S.Code Cong. & Admin.News at 4514, 114 Cong. Rec. 29402.

Accordingly, in the Military Justice Act, Pub.L. No. 90–632, § 2(24), 82 Stat. 1335, 1341 (1968), Congress added to Article 57 of the Code a new subsection (d), which provides:

On application by an accused who is under sentence to confinement that has not been ordered executed, the convening authority or, if the accused is no longer under his jurisdiction, the officer exercising general court-martial jurisdiction over the command to which the accused is currently assigned, may in his sole discretion defer service of the sentence to confinement. The deferment shall terminate when the sentence is ordered executed. The deferment may be rescinded at any time by the officer who granted it or, if the accused is no longer under his jurisdiction, by the officer exercising general court-martial jurisdiction over the command to which the accused is currently assigned.

The purpose of this revision was explained in this way:

This amendment will correct this situation by authorizing a means of release from confinement during appellate review. Under the proposed new subsection (d), article 57, the convening authority or the officer exercising general court-martial jurisdiction over the command could in his discretion defer an individual's service of a sentence to confinement which has not been ordered executed, upon the accused's application. The deferment would be terminated and the sentence would begin to run automatically when the sentence is approved upon review and ordered executed. The discretion exercised would be very broad and would be vested exclusively in the convening authority or the officer exercising general court-martial jurisdiction. Such officers would take into consideration all relevant factors in each case and would grant or deny deferment based upon the best interest of the individual and the service. The officer granting the deferment or, if the individual is no longer under his jurisdiction, the officer exercising general court-martial jurisdiction over the command to which the individual is currently assigned would have discretionary authority to rescind it at any time.

S. Rep., *supra* at 13–14; 1968 U.S.Code Cong. & Admin.News at 4514; 114 Cong. Rec. at 29402.

According to the Senate Report at 2–3, Article 57(d) would "authorize convening authorities to defer execution of certain sentences to confinement during the appellate review process, *thus providing for the first time a procedure similar to release on bail pending appeal in civilian courts.*" 1968 U.S.Code Cong. & Admin. News at 4503; 114 Cong. Rec. at 29398 (emphasis added).

Interpreting Article 57(d), this Court held in *United States v. Brownd,* 6 MJ 338 (CMA 1979), that a convening authority's deferment decision could be reviewed for abuse of discretion and that, because the convening authority had stated no reasons for denying an application for deferment, such an abuse had occurred. In *Pearson v. Cox,* 10 MJ 317 (CMA 1981), the position taken in *Brownd* was reaffirmed; and the Court also noted that an abuse of discretion occurs when a discretionary decision is "suffused with legal error." *Id.* at 319.

In *Longhofer v. Hilbert,* 23 MJ 755 (1986), *writ appeal pet. denied,* 24 MJ 62 (CMA 1987), the Army Court of Military Review concluded that the convening authority had abused his discretion in denying deferment of confinement. The court noted that RCM 1101(c)(3) "sets out factors which may be considered in determining whether deferment is appropriate." 23 MJ at 759. Upon analyzing those factors, it was convinced that Colonel Longhofer's confinement should be deferred, because he

has had a long career distinguished by assignment to important positions of leadership and command. He has been decorated numerous times for bravery in combat. At trial, very favorable evidence was introduced concerning petitioner's service to the Army—evidence which no doubt persuaded the members not to adjudge a dismissal. This fact, that petitioner will eventually return to duty, weighs heavily in favor of deferment. The likelihood that petitioner

would jeopardize his substantial accrued retirement benefits by violating deferment seems nonexistent. Further, for many of these same reasons, it is our opinion that petitioner does not present a flight risk. The fact that petitioner's sentence to confinement was deferred for many months without incident following his conviction, together with his seemingly stable family situation, also strongly support the propriety of continued deferment of confinement pending appeal.

23 MJ at 759 (footnote omitted).

The Government now argues that petitioner Moore cannot qualify for similar relief because, under the terms of Article 57(d), no authority exists to defer confinement at this time. By its terms, the statute applies only to a sentence to confinement which has not been ordered executed; and Moore's sentence to confinement was ordered executed some time ago.

Under the Government's analysis, there was no occasion for the convening authority or officer exercising general court-martial jurisdiction to give reasons for denying Moore's application for deferment of his sentence to confinement, because no official—military or civilian—is empowered by the Code to grant such relief. Furthermore, although the Government apparently would not dispute that, under similar circumstances, a defendant tried in a federal district court would be released from confinement, the Government insists that a Court of Military Review is unlike a federal court of appeals. It does not issue mandates; and its decisions lack legal efficacy until promulgated by the Judge Advocate General of the service involved. As we observed in *United States v. Kraffa,* 11 MJ 453, 455 (CMA 1981), decisions of the Courts of Military Review are "inchoate," and "[w]here a motion for reconsideration has been filed the legal efficacy of the decision is effectively removed."

The Government contends that certification of an issue for review has the same effect as a motion for reconsideration. Therefore, absent some further amendment

to Article 57(d), servicemembers in Moore's position must continue to serve their sentences to confinement until all appellate review has been completed and until a Court of Military Review decision that charges be dismissed or a rehearing be granted has become final.

The Government's argument seeks to impose a "tyranny of labels." Clearly, the legislative intent was that a practical means be made available to release accused servicemembers from confinement pending appeal in meritorious cases. This was the reason for enacting Article 57(d). We are convinced that Congress did not intend that the outcome should hinge on any distinction between an "inchoate" decision of a Court of Military Review and a mandate issued by a federal court of appeals. Indeed, one of the main purposes of the Military Justice Act of 1968 was to transmute the "boards of review" into "courts"; and we conclude that the decisions of these "courts" must be taken into account for purposes of post-trial confinement even before they have become "final."

In our view, the Court of Military Review—as long as Moore's case was pending there—had authority under the All Writs Act, 28 USC § 1651, to enter an order deferring service of confinement pending completion of appellate review. Of course, once the case was certified for review by this Court, the Court of Military Review was divested of further authority over the case, unless subsequently the case was remanded to it. However, after the decision was certified to our Court, we have authority under the All Writs Act to enter suitable orders dealing with confinement or other restraint of petitioner.

In the present case, we are convinced that relief should be granted forthwith. Petitioner has served more than 17 years in the Marine Corps. For some 18 months he was under investigation pending possible trial on a number of charges—including those of which he was found guilty by the court-martial—but he was not placed in pretrial confinement. There is no indication or evidence that, during this period of time, any concern existed that Moore might either flee or seek to threaten any witness. The alleged victim of the rapes—petitioner's stepdaughter—has moved to California, far away from the place where Moore was stationed. Petitioner has served some 20 months of his sentence which, except as suspended, aggregates 5 years' confinement. The Navy Clemency and Parole Board has recommended that he be restored to duty. He has received a favorable decision—even if "inchoate"—from the Court of Military Review. Neither in pleadings nor in oral argument before us has the Government suggested any valid reason why petitioner should remain in confinement pending completion of appellate review.

We are conscious, however, that in situations like this the Government has legitimate concerns about what may take place when an accused who has won a favorable decision from the Court of Military Review is released pending government appeal. If the situation is one in which the Government could establish a basis for pretrial confinement (*see* RCM 305), then it should have the opportunity to show why the accused should be kept in confinement pending the conclusion of appellate review. This can best be handled by ordering a hearing before a military judge or special master who can make the type of determination that would be made by a military magistrate in connection with pretrial confinement.

In the present case, based on the facts as we understand them from the pleadings and the oral argument, we perceive no basis for continued confinement of petitioner, and therefore no reason to order a hearing on his continued detention. If, however, the Government is aware of circumstances not previously brought to the Court's attention, it can submit a motion that we order a hearing by a military judge or a special master. Also, it can move for imposition of special conditions of release if it believes this is necessary. Meanwhile, Moore should be released from confinement *pendente lite*.

### III

The petition for a writ of habeas corpus is granted. Petitioner Moore will be released from confinement forthwith pending this Court's decision on the certified questions raised by the Certificate for Review.

Judge COX concurs.

SULLIVAN, Judge (dissenting):

I oppose immediate release in this case without a full evidentiary hearing on petitioner's request for release from confinement. I would place the burden on petitioner to prove he is not a flight risk, and is not likely to commit a serious crime, interfere with witnesses, or otherwise interfere with the administration of justice. *United States v. Brownd*, 6 MJ 338, 339–40 (CMA 1979). *See ABA Standards for Criminal Justice*, Standard 21–2.5(b) (2d ed.1978). This hearing may take place before the convening authority under his power to conduct an Article 57(d), Uniform Code of Military Justice, 10 USC § 857(d), proceeding, or before some other appropriate military justice authority. The seriousness of the offense and length of sentence are factors which may properly be considered at this hearing. *United States v. Brownd*, *supra* at 340; *see* ABA Standard 21–2.5(b), *supra*.