FISCHER, Senior Judge
(dissenting):
I would grant the petition and release the petitioner from confinement, accordingly I respectfully dissent. In short I find the 'petitioner’s ease is closely aligned with the facts and procedural setting in Moore v. Akins, 30 M.J. 249 (C.M.A 1990) and distinguishable from those in United States v. Miller, 47 M.J. 352 (C.A.A.F. 1997)[1] and United States v. Kreutzer, 70 M.J. 444 (C.A.A.F. 2012).[2]
The court in Moore directly spoke to the “inchoate” nature of service court decisions in terms of habeas corpus relief:
Clearly, the legislative intent was that a practical means be made available to release accused servicemembers from confinement pending appeal in meritorious cases. This was the reason for enacting Article 57(d). We are convinced that Congress did not intend that the outcome should hinge on any distinction between an “inchoate” decision of a Court of Military Review and a mandate issued by a federal court of appeals. Indeed, one of the main purposes of the Military Justice Act of 1968 was to transmute the “boards of review” into “courts”; and we conclude that the decisions of these “courts” must be taken into account for purposes of post-trial confinement even before they have become “final.”
30 M.J. at 253.
As the majority rightly states, enactment of Article 57a, UCMJ, addressed the circumstance faced in Moore and now permits “the Secretary concerned to defer [the appellant’s] further service of sentence to confinement” during appellate review following cer- *830 tifieation by the service Judge Advocate General pursuant to Article 67(a)(2), UGMJ. But, the UCMJ does not address deferment of confinement following issuance of a service court decision pending a certification determination by the Judge Advocate General. The petitioner in Moore was limited to a writ of habeas corpus in seeking relief from confinement. So too here the petitioner’s lone avenue to challenge his continued confinement at this procedural juncture is through a writ of habeas corpus to our court.
The court in Moore reiterated our authority to entertain such a writ, stating, “[i]n our view, the Court of Military Review-as long as [the Petitionei’’s] case was pending there-had authority under the All Writs Act, 28 USC § 1651, to an enter an order deferring service of confinement pending completion of appellate review.” Id.
As the court did in Moore, I find the petitioner’s ease meritorious. He has served nearly nineteen months’ confinement and has received a completely favorable decision from our court concluding that the Government failed to prove his guilt beyond a reasonable doubt and dismissing all charges with prejudice. For nearly two years he was under investigation or pending trial on the charges for which he was eventually convicted, but he was not placed in pretrial confinement. There is no indication or evidence in the record that during that time, any concern existed that he was a flight risk or danger to. others. Certainly the Court of Appeals for the Armed Forces must review this ease pursuant to Article 67(a)(2), UCMJ, if the Judge Advocate. General certifies it to that court. But, as our court previously held, “[w]e cannot allow the Government to continue ... confinement of the Petitioner on the hopeful speculation that the [court’s] decision will be reversed eventually by a higher appellate court.” Frage v. Edington, 26 M.J. 927, 929 (N.M.C.M.R. 1988).[3]
Under the facts of this case I believe the petitioner has established a clear and indisputable right to be released from confinement and would grant his petition.

. The Miller court concluded that the appellant was not entitled to additional sentencing credit for twenty-one days of confinement he served after receiving a favorable decision from a service criminal court of appeals, a decision also set aside by the Court of Appeals for the Armed Forces. Apart from obvious distinctions that the Miller court was not addressing a habeas petition and that the petitioner here is on his seventy-first vice his twenty-first day of confinement after our opinion issued, unlike our sister service court in Miller, we affirmed no part of the findings or sentence in the petitioner’s case.

. Footnote 1 of the Kreutzer majority opinion states, ”[t]he Miller majority cited Moore v. Akins, 30 M.J. 249 (C.M.A. 1990), a case in which the Court of Military Review had dismissed all charges on statute of limitations or factual sufficiency grounds, leaving the accused without a conviction. Because Appellant here remained convicted of a number of offenses, Moore is also inapplicable to this case.” 70 M.J. at 447.

. Recognizing they operate within a different procedural and legal framework, federal courts use the writ of habeas corpus to grant unconditional release from confinement in instances where the Government fails to prove the guilt of the accused beyond a reasonable doubt, including cases where the Government can seek appeal or a rehearing. See Fiore v. White, 531 U.S. 225, 228, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) (per curiam) (holding the defendant’s "conviction and continued incarceration ... violate due process” when the government failed to prove one of the elements of the crime); Brown v. Palmer, 441 F.3d 347 (6th Cir. 2006) (affirming district court’s decision to grant immediate release from confinement when the evidence was insufficient to prove the defendant was guilty beyond a reasonable doubt); Juan H. v. Allen, 408 F.3d 1262, 1279 (9th Cir. 2005) (remanding with instructions to grant a writ of habeas corpus because the evidence was insufficient to prove defendant's guilt beyond a reasonable doubt — "an accused must go free unless and until the prosecution presents evidence that proves guilt beyond a reasonable doubt.” (citation omitted)); Kelly v. Roberts, 998 F.2d 802, 809 n.11 (10th Cir. 1993) (granting immediate release from confinement when the evidence was insufficient to prove the defendant's guilt beyond a reasonable doubt and also observing that "prolonging ... incarceration to allow the State time to file a petition for rehearing is unjust.”); Hopson v. Foltz, 818 F.2d 866 (6th Cir. 1987) (granting a habeas petition when the evidence was insufficient to prove the defendant’s guilt beyond a reasonable doubt).