# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**Misc. Dkt. No. 2019–04**

———————————

**In re Richard D. COLLINS**
Master Sergeant (E-7), U.S. Air Force, *Petitioner*

———————————

Review of Petition for Extraordinary Relief in the Nature of
a Writ of Mandamus

Decided 15 August 2019

———————————

*Military Judge:* Tiffany M. Wagner.

*Approved sentence:* Dishonorable discharge, confinement for 198 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 26 February 2017 by GCM convened at Eglin Air Force Base, Florida.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, MINK, and POSCH, *Appellate Military Judges*.

Senior Judge J. JOHNSON delivered the opinion of the court, in which Senior Judge MINK and Judge POSCH joined.

———————————

**PUBLISHED OPINION OF THE COURT**

———————————

J. JOHNSON, Senior Judge:

Petitioner was found guilty, contrary to his pleas, of one specification of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10

U.S.C. § 920.[*] A general court-martial composed of officer and enlisted members sentenced Petitioner to a dishonorable discharge, confinement for 198 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

On appeal, Petitioner raised seven assignments of error before this court. In accordance with the decision of the United States Court of Appeals for the Armed Forces (CAAF) in *United States v. Mangahas*, 77 M.J. 220, 225 (C.A.A.F. 2018), on 23 July 2018 we set aside the findings and sentence and dismissed the charge and specification. *United States v. Collins*, 78 M.J. 530, 534 (C.A.A.F. 2018), *aff'd*, 78 M.J. 415 (C.A.A.F. 2019). On 22 August 2018, the Government moved for reconsideration, which this court denied on 6 September 2018.

On 2 November 2018, The Judge Advocate General certified Petitioner's case for review by the CAAF. The CAAF summarily affirmed this court's decision on 12 March 2019. *United States v. Collins*, 78 M.J. 415 (C.A.A.F. 2019). Petitioner's case is currently docketed with the United States Supreme Court, where the Solicitor General filed a Petition for Writ of Certiorari on 9 August 2019.

Petitioner has submitted to this court a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, seeking an order restoring all Petitioner's rights, privileges, and property of which he has been deprived. We find that we lack jurisdiction to issue the requested writ and accordingly deny the petition.

## I. BACKGROUND

Petitioner asserts, and the Government does not dispute, that he requested to be released from confinement on 26 July 2018, three days after we issued our opinion setting aside the findings and sentence and dismissing the only charge and specification against him. However, the Government initially declined to do so. Petitioner renewed his request to be released on 14 March 2019, two days after the CAAF summarily affirmed this court's decision. On 26 March 2019, Petitioner sought a writ of mandamus or alternatively a writ of habeas corpus from the CAAF directing the Government to comply with the CAAF's opinion and to restore all "rights, privileges, and property" of which Appellant had been deprived as a result of his conviction.

On 3 April 2019, the CAAF issued an order directing, *inter alia*: "[Petitioner's] petition for a writ of habeas corpus is granted. All rights, privileges,

---

[*] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are found in the *Manual for Courts-Martial, United States* (2016 ed.).

and property of which [Petitioner] has been deprived are hereby ordered restored. The Judge Advocate General shall direct the immediate release of [Petitioner] from confinement."

Petitioner has been released from confinement. However, he remains on appellate leave and has not been returned to active duty, has not received back pay, and is not currently receiving pay.

## II. DISCUSSION

### A. Law

We review de novo questions of jurisdiction. *United States v. Hale*, 78 M.J. 268, 270 (C.A.A.F. 2019). The military courts of criminal appeals are courts of limited jurisdiction which "must exercise their jurisdiction in strict compliance with their authorizing statutes." *Ctr. for Constitutional Rights v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013). "The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 18 Feb. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999)).

The jurisdiction of the military courts of criminal appeals is defined by Article 66, UCMJ, 10 U.S.C. § 866. Article 66(c) provides, in pertinent part:

> In any case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.

Article 67, UCMJ, 10 U.S.C. § 867, defines the jurisdiction of the CAAF, which "shall review," *inter alia*, "all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General orders sent to the [CAAF] for review . . . ." Article 67(a), UCMJ, 10 U.S.C. § 867(a). "Of course, once [a] case [is] certified for review by this Court, the Court of Military Review [is] divested of further authority over the case, unless subsequently the case [is] remanded to it." *Moore v. Akins*, 30 M.J. 249, 253 (C.M.A. 1990).

### B. Discussion

The Government contends we lack jurisdiction to grant the requested writ because the case was certified to the CAAF and has never been remanded back to us. We agree.

Like our superior court, we do not exercise broad authority over the administration of military justice. *See Goldsmith*, 526 U.S. at 534. Our jurisdiction is narrowly defined by statute, and our authority to issue extraordinary writs does not expand that jurisdiction but is limited by the requirement that such writs be in aid of that narrowly-defined jurisdiction. *Chapman*, 75 M.J. at 600 (citations omitted). Jurisdiction over Petitioner's case passed from this court to the CAAF when the Judge Advocate General certified the case for CAAF review, and it has never returned to us. *See Moore*, 30 M.J. at 253.

Petitioner contends the CAAF's order that his rights be restored was "effectively" a remand back to this court. We disagree. A case is remanded back to this court when a higher authority actually remands it to us, which is a specific action the CAAF, for example, is authorized to take in appropriate cases. *See* Article 67(e), 10 U.S.C. § 867(e). The CAAF has not done so in this case; nor, in general, is it required to do so in order for its decisions and orders to have effect. *See id.*; R.C.M. 1204(c). We do not possess default jurisdiction over cases not presently pending before the CAAF.

Petitioner argues, without citation to authority, that if this court fails to exercise jurisdiction he will have "no recourse to seek relief." We are not persuaded. Petitioner fails to demonstrate further extraordinary relief is unavailable from the CAAF or from the civilian federal courts which, unlike the military appellate courts, exercise general jurisdiction over "Controversies to which the United States shall be a Party." U.S. CONST. art. III, § 2. Moreover, even if Petitioner were correct, the unavailability of relief in other venues would not by itself create jurisdiction in this court.

Finally, Petitioner contends our decision in *Richards v. James, et al.*, Misc. Dkt. No. 2017–04, 2018 CCA LEXIS 507 (19 Oct. 2018), rejected the argument that this court loses jurisdiction to issue extraordinary writs after the CAAF obtains jurisdiction. Petitioner makes a fair point; the reasoning of *Richards* appears to provide some support for his position. In *Richards*, we stated in a footnote:

> [T]he Respondent raises two additional jurisdictional bases to dismiss the petition. Citing to *Moore v. Akins*, 30 M.J. 249 (C.M.A. 1990), Respondent posits that this court does not have jurisdiction to address this writ while the case is pending at the [CAAF] or the United States Supreme Court. We note that as of 13 July 2017, Petitioner's case was no longer pending at CAAF, and on 28 June 2018 the United States Supreme Court denied certiorari. Citing to this court's opinions in *Chapman v. United States*, 75 M.J. 598 (A.F. Ct. Crim. App. 2016), and *Sutton v. United States*, ___ M.J. ___, Misc. Dkt. No. 2018–01, 2018 CCA LEXIS 349 (A.F. Ct. Crim. App. 13 Jul. 2018), the Respondent

argues that since Petitioner's court-martial has completed direct review under Article 71, UCMJ, 10 U.S.C. § 871, and as of 27 August 2018—the date the Secretary of the Air Force ordered Petitioner's dismissal executed the case is final under Article 76, UCMJ, 10 U.S.C. § 876,—this court lacks jurisdiction to address or grant Petitioner's request for extraordinary relief. We note that as of 4 June 2018 this petition was docketed with this court, Respondent answered the petition on 21 June 2018, and Petitioner replied on 27 July 2018—all before Petitioner's case was final under Article 76, UCMJ. We decline to dismiss the petition on either of these jurisdictional grounds and instead deny the petition on the merits.

*Richards*, unpub. op. at *5 n.2.

It is appropriate to make several observations. First, the decision in *Richards* is unpublished and is not binding precedent upon this court. Second, the *Richards* case has had a complicated procedural history; when the decision quoted above was rendered, Richards's case was in a different procedural posture than Petitioner's case in that it was no longer pending before the United States Supreme Court. Third, as the Government observes, Petitioner's situation is closer to the circumstances in *Moore* because Petitioner's case, like *Moore* and unlike *Richards*, was certified for CAAF review by the Judge Advocate General pursuant to Article 67(a)(2), UCMJ. Fourth, although *Richards* addressed the merits of the matter, the court nevertheless denied the petition. However, none of these considerations cleanly reconcile our decision in *Richards* with our superior court's decision in *Moore*.

Regardless of our declination in *Richards* to reject the petition on jurisdictional grounds and to instead reject it on its merits, we find our superior court's decision in *Moore* coupled with other controlling authority compels us to conclude we are without jurisdiction to issue the writ Petitioner now seeks.

### III. CONCLUSION

The Petition for Extraordinary Relief in the Nature of a Writ of Mandamus is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court