Judge STUCKY delivered the opinion of the Court.
We granted review to determine whether Appellant was entitled to additional confinement credit under Rule for Courts-Martial (R.C.M.) 305, or Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2006), after prison officials at the United States Disciplinary Barracks retained Appellant on death row despite the United States *445 Army Court of Criminal Appeals (CCA) setting aside Appellant’s death sentence. We hold that Appellant was not entitled to such credit because he was still subject to lawful confinement as a prisoner found guilty of a number of offenses. Therefore, Appellant’s confinement was outside the scope of R.C.M. 305 and Article 13, which only apply to pretrial confinees.
I.
A.
We previously summarized the result of Appellant’s initial trial:
Sergeant (SGT) William J. Kreutzer Jr. opened fire with an automatic weapon on personnel in his brigade when they were in formation commencing a unit run. He was subsequently charged with one specification of premeditated murder, eighteen specifications of attempted premeditated murder, one specification of violation of a lawful general regulation, one specification of larceny of Government munitions, four specifications of maiming, and eighteen specifications of aggravated assault, in violation of Articles 118, 80, 92, 121, 124, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 918, 880, 892, 921, 924, 928 (2000), respectively. The charges were referred to a general court-martial with instructions that the case was “[t]o be tried as a capital case.”
Kreutzer pleaded guilty to one specification of murder while engaged in an act inherently dangerous to another (as a lesser included offense of premeditated murder), eighteen specifications of assault with a loaded firearm (as a lesser included offense of attempted premeditated murder), one specification of violating a lawful general regulation, and one specification of larceny of Government munitions. He was convicted of one specification of premeditated murder, eighteen specifications of attempted premeditated murder, one specification of violating a lawful general regulation, and one specification of larceny of Government munitions. A unanimous twelve-member court of officer and enlisted members sentenced Kreutzer to death, a dishonorable discharge, forfeiture of all pay and allowances, and reduction to E-l. The convening authority approved the sentence as adjudged.
United States v. Kreutzer, 61 M.J. 293, 294-95 (C.A.A.F.2005) (noting further that the maiming and aggravated assault specifications were consolidated with the attempted premeditated murder specifications and provisionally dismissed).
B.
After Appellant’s initial trial, the CCA determined that the sentence had to be set aside because counsel had been ineffective by failing to conduct sufficient investigation into Appellant’s background for sentencing. United States v. Kreutzer, 59 M.J. 773, 775 (A.Ct.Crim.App.2004). Furthermore, a majority of that court also found that the military judge’s erroneous denial of Appellant’s request for an expert in mitigation required relief, which the CCA provided by setting aside all of the contested findings. Id.
The CCA only affirmed those findings to: violation of a lawful general regulation, larceny of military property, seventeen specifications of assault with a loaded firearm, and murder while engaging in an inherently dangerous act to another. Id. at 784. A rehearing on findings and sentence was permitted. Id.
C.
After the CCA’s decision, the Government timely moved for en banc reconsideration, which was denied. The Judge Advocate General of the Army then certified the case to this Court. We affirmed the CCA’s decision. Kreutzer, 61 M.J. at 306.
While the Government’s motion for reconsideration to the CCA and certification to this Court were pending, Appellant remained on death row. Appellant made requests to prison officials through the appropriate channels to remove him from death row. Although prison officials acknowledged Appellant’s requests, they did not take Appellant off death row.
*446 Appellant filed for a writ of mandamus with the CCA requesting an order that he be transferred from death row to the general population, which the CCA denied for lack of jurisdiction. Kreutzer v. Harrison, No. 20040953, 2004 CCA LEXIS 352, at *4, 2004 WL 5863309, at *2 (A.Ct.Crim.App. Sept. 24, 2004) (unpublished). Appellant filed a similar petition for a writ of mandamus with this Court, and we granted relief to the extent that Appellant was to be removed “from death row at the United States Disciplinary Barracks and place[d] ... in appropriate custody in light of the circumstances and status of his case.” Kreutzer v. United States, 60 M.J. 453 (C.A.A.F.2005) (summary disposition). The basis of that opinion was that Army regulations prohibited the commingling of prisoners under a sentence of death with prisoners who were not. Id. (citing Dep’t of the Army Reg. (AR) 190-47, The Army Corrections System ¶ 12-6.b (Apr. 5, 2004)). Shortly after this Court issued the writ of mandamus, Appellant was removed from death row and classified as a medium custody inmate.
D.
At the findings and sentence rehearing, Appellant pled guilty to sixteen specifications of assault in which grievous bodily harm was intentionally inflicted with a loaded firearm, one specification of assault with a dangerous weapon, one specification of attempted premeditated murder, and one specification of premeditated murder. A military judge sitting as a general court-martial found Appellant guilty of seventeen specifications of attempted premeditated murder and one specification of assault with a means likely to produce death or grievous bodily harm. Appellant was sentenced to a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.
During the rehearing, Appellant made a motion for confinement credit based on, inter alia, a violation of R.C.M. 305 and Article 13. Appellant argued that he was entitled to credit for being confined on death row after the CCA set aside his death sentence. The military judge denied Appellant’s motion because he found that Article 13 and R.C.M. 305 had not been violated, and the CCA, after recognizing Appellant’s motion below for additional credit, affirmed the findings of guilty and the sentence without modification, United States v. Kreutzer, No. 9601044, slip op. at 2 (A.Ct.Crim.App. Nov. 5, 2010).
II.
Appellant argues that his status changed from sentenced prisoner to pretrial confinee as a matter of law thirty days after the sentence from his first court-martial was set aside. He cites our decisions in United States v. Miller, 47 M.J. 352 (C.A.A.F.1997), and United States v. Combs, 47 M.J. 330 (C.A.A.F.1997), in support of this proposition. We do not agree. Neither ease is apposite to the instant one.
Miller was a ease in which the Court of Criminal Appeals reduced the appellant’s sentence of confinement to a period of time which the appellant had already served. 47 M.J. at 360 (noting that Miller’s release date was calculated to be the day after the CCA released its opinion). Because the appellant had clearly served his full term of confinement for the offenses of which he stood convicted, he could no longer be subject to punishment. Id. Therefore, under those circumstances, the appellant was entitled either to a hearing under R.C.M. 305 or to be released. Id. at 361-62.
In Miller, we recognized that appellants have an interest in a favorable inchoate decision of the CCA that would result in an appellant’s release from confinement, but that interest only becomes sufficiently weighty to warrant action when the Judge Advocate General decided on a course of action to pursue (appeal or abide by the CCA decision) or the thirty-day period for appeal had passed.[1] Id. In this case, Appellant’s *447 sentence to confinement was not reassessed to a term he had already served; thus, Miller is inapplicable to the situation presented here.
In Combs, the CCA set aside the appellant’s unpremeditated murder conviction, affirmed his convictions for willful disobedience of a lawful order and battery, and set aside his sentence. 47 M.J. at 330-31. Appellant was not confined during a rehearing on the unpremeditated murder charge and sentencing, but his rank was reduced despite the absence of a lawfully adjudged sentence. Id. at 331. A two-judge plurality of this Court opined that the appellant was punished under Article 13 by being stripped of his rank during this period. Id. at 334. Chief Judge Cox, concurring in the result, explicitly refused to find whether this constituted punishment under Article 13 or simply credit for deprivation tantamount to confinement under United States v. Allen, 17 M.J. 126 (C.M.A.1984). Combs, 47 M.J. at 334 (Cox, C.J., concurring).
Regardless of whatever precedential value Combs may have, given its status as a plurality opinion, it too is not on point, because Combs was released from confinement after his sentence was set aside. As with the appellant in Miller, Combs had already served a period of confinement — a little over two years — that was reasonably likely to have met or exceeded any sentence he would have received on his remaining charges. Combs, 47 M.J. at 333 (noting that Combs had served some two years of his sentence); id. at 330-31 (observing that Combs remained convicted of battering his three-year-old daughter and willfully disobeying a lawful order); see also Manual for Courts-Martial, United States (MCM) pt. IV, ¶¶ 15.e.(5) & 54.e.(7) (1984 ed.) (stating the maximum period of confinement for willful disobedience of a noncommissioned officer was one year and for battery of a child was two years). After the sentence was set aside, the government released Combs instead of holding him after an R.C.M. 305 hearing, which was within its prerogative. 47 M.J. at 331.
In this case, the CCA affirmed Appellant’s convictions of one specification of murder while engaged in an inherently dangerous act, seventeen specifications of assault with a loaded firearm, one specification of violation of a lawful general order, and one specification of larceny of government property. Kreutzer, 59 M.J. at 784-85. The capital sentence was set aside, and a rehearing was permitted to prove up the greater offenses and to resentence Appellant. Id. at 784-85. Appellant still had the possibility of a life sentence pursuant to the offenses to which he pled guilty. MCM pt. IV, ¶43.&(2) (2008 ed.).
Article 13, by its terms, only applies to persons “held for trial.”[2] United States v. Inong, 58 M.J. 460, 463 (C.A.A.F.2003) (“Article 13 prohibits ... the intentional imposition of punishment on an accused before his or her guilt is established at trial _”). Under the circumstances of this case, Appellant was a prisoner convicted of very serious offenses with a temporarily inchoate sentence.[3] He had not requested, and did not request, release from confinement. The fact that the capital sentence had been set aside, for reasons peculiar to capital litigation, did not convert him from an adjudged prisoner to a person held for trial as regards the offenses which the CCA had affirmed.
At most, the retention of Appellant on death row prompts a dispute not over punishment prior to trial (the concern of Article 13) or of the inception and continuation of pretrial confinement (the concern of R.C.M. 305) but of the proper level of confinement. This decision is normally placed in the hands of correctional authorities, but that discretion may be limited by regulation. In our order *448 of January 5, 2005, this Court recognized that the confinement authorities had abused this discretion, and we directed Appellant’s release from death row because AR 190-47, ¶ 12-6.b, prohibited the commingling of death row prisoners with other prisoners not subject to a death sentence. Kreutzer, 60 M.J. at 453. But Appellant, as an adjudged prisoner, received the only relief he was entitled to for a violation of that regulation when this Court ordered that he be taken off death row. Since Appellant did not come within the purview of Article 13, UCMJ, he is entitled to no relief under it.
III.
The judgment of the United States Army Court of Criminal Appeals is affirmed.

. The Miller majority cited Moore v. Akins, 30 M.J. 249 (C.M.A.1990), a case in which the Court of Military Review had dismissed all charges ou statute of limitations or factual sufficiency grounds, leaving the accused without a conviction. Because Appellant here remained convict *447 ed of a number of offenses, Moore is also inapplicable to this case.

. The dissent's reliance on Army regulations to interpret whether the individual is a pretrial con-finee or an adjudged prisoner within the scope of Article 13 is unhelpful, because "regulation[s] cannot change the statute." Public Lands Council v. Babbitt, 529 U.S. 728, 745, 120 S.Ct. 1815, 146 L.Ed.2d 753 (2000).

. As noted above, that temporarily inchoate sentence was ultimately resolved to confinement for life, a dishonorable discharge, forfeiture of all pay and allowances, and reduction to E-l.