# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant EDDY C. SOTO
## United States Air Force

## ACM 38422 (f rev)

## 12 April 2016

Sentence adjudged 18 June 2015 by GCM convened at Joint-Base San Antonio–Lackland, Texas. Matthew D. Van Dalen and Wendy L. Sherman (sitting alone).

Approved Sentence: Confinement for 6 months and reduction to E-1.

Appellate Counsel for Appellant: Major Zaven T. Saroyan and Captain Lauren A. Shure.

Appellate Counsel for the United States: Colonel Katherine E. Oler; Lieutenant Colonel Daniel J. Breen; Major Thomas J. Alford; Major Matthew J. Neil; Major Jason S. Osborne; Captain Tyler B. Musselman; and Gerald R. Bruce, Esquire.

Before

TELLER, DUBRISKE, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT
UPON FURTHER REVIEW

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Senior Judge:

This matter is before us for further review after a rehearing on sentence pursuant to our 2014 decision dismissing a charge of rape but affirming convictions of other significant offenses. *See United States v. Soto*, ACM 38422 (A.F. Ct. Crim. App. 16 September 2014). A military judge sitting as a general court-martial originally accepted Appellant's pleas of

guilty to two specifications of violating a lawful general regulation, one specification of making a false official statement, and two specifications of adultery, in violation of Articles 92, 107, and 134, UCMJ, 10 U.S.C. §§ 892, 907, 934. Contrary to Appellant's plea, the military judge convicted Appellant of one specification of rape, in violation of Article 120, UCMJ, 10 U.S.C. § 920. The military judge acquitted Appellant of two other specifications alleging aggravated sexual assault and wrongful sexual contact. The adjudged and approved sentence consisted of a dishonorable discharge, confinement for 48 months, forfeiture of all pay and allowances, and reduction to E-1.

This court, sitting en banc, found the evidence factually insufficient to support the conviction for rape, set aside that finding, affirmed the remainder of the findings, and authorized a rehearing as to sentence. *Id.* at 9. The convening authority directed a rehearing which convened 18 June 2015. The military judge upon rehearing sentenced Appellant to 6 months of confinement and reduction to E-1. On 23 September 2015, the convening authority approved the sentence and ordered it executed.

On appeal from his rehearing, Appellant asserts that he is entitled to relief for illegal pretrial punishment and for unreasonable post-trial delay. He also asserts that this court should grant relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), for unreasonable post-trial delay and the Government's failure to restore his rights following his release from confinement. We disagree and affirm.

*Background*

Most of Appellant's assignments of error relate to the period of time between this court's 16 September 2014 decision and his sentence rehearing on 18 June 2015. After our decision was issued, the Government timely sought reconsideration, which was denied on 21 October 2014. During this time, Appellant sought immediate release from confinement, filing a petition for a writ of habeas corpus with this court, which was denied on 21 October 2014. On 19 December 2014, The Judge Advocate General certified three issues for review by the Court of Appeals for the Armed Forces. On 23 December 2014, Appellant was released from confinement. The Court of Appeals for the Armed Forces summarily affirmed our decision on 2 April 2015. On 14 April 2015, the convening authority ordered a sentence rehearing.

After some initial confusion, the Government notified Appellant that his previous rank and pay would not be reinstated while the rehearing was pending. At the time of his original trial, Appellant had attained the rank of staff sergeant. His punishment at the original trial included reduction to E-1, and the convening authority ordered that part of his sentence executed. Appellant's punishment at the sentence rehearing also included a reduction to E-1. Appellant has remained an E-1 to this day.

*Illegal Pretrial Punishment*

Appellant argues that he is entitled to relief on the grounds that the Air Force failed to restore his rank and rate of pay after this court set aside his punishment, and that such failure from the date of his release to the date of the sentence rehearing constituted illegal pre-trial punishment. Article 13, UCMJ, 10 U.S.C. § 813, provides in part, "No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence." Generally, the question of whether an "appellant is entitled to credit for a violation of Article 13 is a mixed question of fact and law." *See United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002). We review findings of fact under a clearly erroneous standard and the ultimate question of whether the appellant is entitled to credit under Article 13, UCMJ, de novo. *See United States v. Fischer*, 61 M.J. 415, 418 (C.A.A.F. 2005); *Mosby*, 56 M.J. at 310; *United States v. Smith*, 53 M.J. 168, 170 (C.A.A.F. 2000). When a military judge makes a finding of fact that there was no intent to punish, we review that finding to determine whether it was clearly erroneous. *Mosby*, 56 M.J. at 310. The appellant bears the burden of establishing his entitlement to credit. *See Fischer*, 61 M.J. at 418.

The military judge affirmatively found no intent to punish with regard to the Government's failure to restore Appellant's rank and pay while the rehearing was pending. That finding was not clearly erroneous. It was supported by two memoranda from the convening authority explaining his determination that our decision setting aside the punishment was inchoate.

Irrespective of any intent to punish, Article 13, UCMJ, is violated if the activity at issue serves no legitimate, non-punitive purpose. The decision not to reinstate Appellant's rank and rate of pay served at least some non-punitive purpose in that it avoided future pay issues in the event that Appellant's rehearing left the reduction to E-1 intact.

Appellant's reliance on *United States v. Combs*, 47 M.J. 330 (C.A.A.F 1997), is misplaced. In *Combs*, the appellant had submitted an unrebutted affidavit that alleged the government had engaged in a variety of punitive actions against him, including punitively demoting him after allowing him to resume his former rank. *Id.* at 332. There was no similar evidence in this case. We also note that the precedential effect of *Combs* in the context of Article 13, UCMJ, is substantially limited by *United States v. Kreutzer*, 70 M.J. 444 (C.A.A.F. 2012). In *Kreutzer*, the Army Court of Criminal Appeals had set aside some, but not all, of the appellant's convictions and authorized a rehearing. *Id.* at 445. The majority of the Court of Appeals for the Armed Forces, after considering *Combs*, rejected the argument that Kreutzer was "being held for trial" in the period of time between his conviction and the rehearing. *Id.* at 447. The *Kreutzer* court, therefore, did not apply Article 13, UCMJ, to the government's confinement decisions between the appeal and his

rehearing. While *Kreutzer* did not explicitly overrule *Combs*, we find it persuasive authority that *Combs* should be limited to its facts. Accordingly, we need not reach Appellant's argument that, in the absence of punitive intent, we should determine whether the action was nonetheless punitive by implication under the analysis set out in *United States v. Fischer*, 61 M.J. 415, 420 (C.A.A.F. 2005).

Appellant's situation is much more akin to *United States v. Dodge*, 60 M.J. 873, 878 (A.F. Ct. Crim. App. 2005), where we held that failure to restore an appellant to pay status pending reassessment or rehearing of a sentence set aside on appeal did not constitute illegal pretrial punishment.

We find that Appellant has failed to prove that the convening authority's refusal of his request for restoration of his rank and rate of pay prior to rehearing constituted illegal pretrial punishment.

*Post-Trial Delay*

Appellant next argues that the amount of time that has elapsed from his trial to this review constitutes unreasonable post-trial delay that has deprived him of his due process right to speedy appellate review.

We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). In *United States v. Moreno*, the Court of Appeals for the Armed Forces established certain post-trial processing time standards. 63 M.J. 129, 142 (C.A.A.F. 2006). A presumption of unreasonable delay arises when convening authority action is not taken within 120 days after conclusion of the trial or when an appellate decision is not rendered within 18 months of the case being docketed with this court. *Id*. The *Moreno* standards continue to apply as a case moves through the appellate process; however, the *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18-month standard. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013); *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

The time from the initial docketing of this appeal on 27 August 2013 until our initial decision on 16 September 2014 did not exceed 18 months. Even if we considered, for purposes of speedy appellate review, the entire time between the decision of our superior court on 2 April 2015 and return to this court for the present review, that period of time would not exceed 18 months. Therefore, neither period of time constitutes a facially unreasonable delay between docketing and our decision, and we need not conduct a further analysis. *See Moreno*, 63 M.J. at 136.

The Government notes that, although not alleged to be unreasonable by Appellant, the period of time between the conclusion of trial and the convening authority's action

exceeded the 120-day *Moreno* standard by 23 days and is, therefore, facially unreasonable. *Id*. at 142. This presumptively unreasonable delay triggers an analysis of the four factors enumerated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and adopted in *Moreno*, 63 M.J. at 135. Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005) (citing *Barker*, 407 U.S. at 530). Because the delay was presumptively unreasonable, we proceed to the remaining three factors. The length of the delay, although presumptively unreasonable, was not excessive. Seventeen days of that delay are attributable to Appellant's request for an extension of the deadline to submit clemency matters. There is no evidence Appellant made a demand for speedy post-trial review at that stage of the proceedings. Finally, Appellant has not raised this specific delay as unreasonable and, therefore, has not asserted any prejudice attributable to that period of time. When there is no showing of prejudice under the fourth *Barker* factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Although the overall delay between trial and action is presumptively unreasonable, the portion of the delay not attributable to Appellant is comparatively small. Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case not so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are also convinced any error is harmless beyond a reasonable doubt.

*Relief under United States v. Tardif*

Finally, Appellant argues that his confinement for 468 days in excess of his ultimate sentence ought to be applied, in some way, to reduce the adjudged punishment, even though there is no legal requirement to do so.[1]

Under the broad grant of authority in Article 66(c), UCMJ, 10 U.S.C. § 866(c), we retain responsibility in each case we review to determine whether the adjudged and approved sentence is appropriate. Under Article 66(c), UCMJ, our sentence appropriateness authority is to be based on our review of the "entire record." *See United States v. Towns*, 52 M.J. 830, 833–34 (A.F. Ct. Crim. App. 2000) (noting that matters submitted to the convening authority for clemency purposes are available to this court to aid us in determining the appropriateness of a sentence). In *United States v. Gay*, 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015), we held that we may consider post-trial confinement

---

[1] Appellant phrases the issue as implicating both the failure to restore his rights following release and unreasonable delay in ordering his release. However, Appellant never addresses why this court should extend *United States v. Gay*, 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015), to cover restoration of rank, pay, or both, pending a rehearing. In light of Appellant's failure to argue this point, and the evidence in the record that the decision not to restore Appellant's rank was not made in bad faith, we decline to extend *Gay* to these matters. Instead, we focus on Appellant's argument concerning delay resulting in confinement in excess of the sentence ultimately approved.

conditions as part of our overall sentence appropriateness determination, even where those allegations do not rise to the level of an Eighth Amendment[2] or Article 55, UCMJ, 10 U.S.C. § 855, violation. Appellant cites *United States v. Dixon*, Army 20120473, unpub. op. at 6 (Army Ct. Crim. App. 31 July 2014), for the proposition that courts should consider excess confinement in determining sentence appropriateness. *Dixon*, however, dealt with pretrial confinement that exceeded the ultimate sentence, rather than confinement served as a result of a sentence that was later disapproved on appeal and subject to a rehearing.

"We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Focusing solely on appropriateness, we cannot say that the approved sentence of 6 months of confinement and reduction to E-1 was inappropriate for Appellant's offenses. Appellant knowingly, deliberately, and repeatedly violated regulations applicable to him as a military training instructor by having sexual intercourse with one trainee and sexual intercourse with the wife of a second trainee. He subsequently lied to investigators in an attempt to prevent his misconduct from being discovered. The maximum sentence that could have been imposed for all of the offenses for which he was sentenced included 11 years of confinement and a dishonorable discharge, far in excess of the approved sentence. Appellant was not subjected to harm beyond that experienced by any prisoner awaiting an appellate decision. Unlike *Gay*, there is no evidence that the conditions of Appellant's confinement were unusually severe. Although Appellant ultimately served an amount of confinement greater than was adjudged at the sentence rehearing, based on the facts of this case, the approved sentence was not inappropriate, and action under Article 66(c), UCMJ, is not warranted.

Our superior court has specifically recognized that the courts of criminal appeals have broad discretion to grant or deny relief for unreasonable or unexplained post-trial delay, even where the delay does not rise to the level of a due process violation. *Tardif*, 57 M.J. at 224. In *Gay*, 74 M.J. at 744, we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Those factors include how long the delay exceeded appellate review standards, the reasons for the delay, whether the government acted with bad faith or gross indifference, evidence of institutional neglect, harm to Appellant or to the institution, whether relief is consistent with the goals of both justice and good order and discipline, and whether this court can provide meaningful relief. *Id.* No single factor is dispositive, and we may consider other factors

---

[2] U.S. CONST. amend. VIII.

as appropriate. *Id.* After examining the appropriate factors, we determine that no relief is warranted.

Although the delay between trial and action exceeded the *Moreno* standard, no other time period has exceeded the standards. Even analyzing the entire period from the time the case was first docketed until today, we find there was no bad faith or gross negligence in the post-trial processing. The only delay that exceeded presumptive unreasonableness standards was in part to accommodate Appellant's own delay request. Subsequent delays were the result of appellate review which met all established requirements for timeliness. While Appellant complains that the Government could have acted more swiftly, that is simply not the standard of review. Based on these facts, we find no evidence of harm to the integrity of the military justice system.

After our review of the entire record, we conclude that additional sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The findings, as modified in our 16 September 2014 decision, and the sentence, as approved after rehearing, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings, as modified, and the approved sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court