UNITED STATES, Appellee

v.

Michael A. TILGHMAN, Staff Sergeant,
U.S. Air Force, Appellant.

No. 95–1119.

Crim.App. No. 30542.

U.S. Court of Appeals for
the Armed Forces.

Argued June 4, 1996.

Decided Sept. 18, 1996.

For Appellant: *Captain Todi S. Carnes* (argued); *Colonel Jay L. Cohen* (on brief).

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted at RAF Bentwaters, England, of rape; assault and battery (2 specifications); aggravated assault; making a false claim; and adultery, in violation of Articles 120, 128, 132, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 928, 932, and 934, respectively. The members sentenced appellant to a dishonorable discharge, 5 years' confinement, a fine, and reduction to the lowest enlisted grade. The Court of Criminal Appeals in an unpublished opinion dismissed the rape charge and reduced the sentence to a bad-conduct discharge, 3 years' confinement, a fine, and reduction to the lowest enlisted grade.

We granted review of the following issues:

## I

WHETHER THE GOVERNMENT'S CONDUCT DURING THE POST–TRIAL ARTICLE 39(A) SESSION CONSTITUTED UNLAWFUL COMMAND INTERFERENCE WITH JUDICIAL PROCEEDINGS WARRANTING REDRESS BY THIS COURT.

## II

WHETHER ADDITIONAL COMPENSATORY RELIEF SHOULD BE AFFORDED APPELLANT FOR HIS BLATANTLY ILLEGAL PRETRIAL CONFINEMENT.

We hold that appellant has not made a *prima facie* showing of unlawful command interference during the post-trial session under Article 39(a), UCMJ, 10 USC § 839(a), and that appellant is not entitled to any additional credit for illegal pretrial confinement.

### FACTS

On March 13, 1992, after findings and before sentencing, trial counsel asked the military judge to review whether it was appropriate, based on an order signed by the combat support group commander, to place appellant in confinement until sentencing the following morning. Because appellant had not actually been confined, trial counsel asked the judge to treat this as a review of pretrial confinement. During this hearing, trial counsel indicated that the reasons for confinement were the findings of guilty that afternoon, the mental health of appellant, and his being a potential flight risk. The judge offered the prosecution an opportunity to introduce other evidence but they declined. The judge reviewed the offers of proof made during the motion hearing and the evidence presented during the findings

portion of the trial, and then questioned appellant. Appellant promised that he would not flee the area and would return in the morning. After considering all this information, the judge disapproved the confinement order. Later, the combat support group commander countermanded the judge's order and placed appellant in confinement that evening. Appellant spent less than 24 hours in confinement in countervention of the judge's order.

The next morning defense counsel asked the judge to order 2 days' administrative credit for each partial day of the illegal confinement. After sentencing that afternoon and determining that there was no new evidence, the judge ordered 10 days' credit for each partial day, March 13 and 14, of "flagrant" illegal pretrial confinement for a total of 20 days' credit.

Two months later, Judge J. Jeremiah Mahoney, Chief Circuit Military Judge, without objection, detailed himself to conduct a post-trial session under Article 39(a). Based on the "cavalier disregard for due process and the rule of law," he ordered an additional 18 months' credit against appellant's sentence because of the government action in the case. *See United States v. Mahoney*, 36 MJ 679 (AFCMR 1992).

### DISCUSSION

The Manual for Courts–Martial provides that a properly detailed military judge, RCM 503(b)(1), Manual for Courts–Martial, United States (1995 ed.), may conduct post-trial Article 39(a) sessions, RCM 1102(a), for certain purposes, RCM 1102(b)(2). This judge must be properly "detailed, in accordance with regulations [1] of the Secretary concerned," RCM 503(b)(1), or a "different military judge may be detailed ... for good cause," RCM 1102(e)(1)(B). Absent evidence to the con-

---

1. Paragraph 5.1.2, Air Force Instruction 51–201 (July 28, 1994), provides:

    **Detailing Military Judges.** The Chief Trial Judge, USAF Trial Judiciary, details military judges to SPCMs and GCMs. The Chief Trial Judge may delegate this authority to any person assigned as an Air Force military judge. A

military judge with the authority to detail military judges may detail himself or herself as military judge to a court-martial. Orders detailing military judges may be oral, written, or in message form. Attach written orders or messages, if any, to the record of trial (ROT). Announce all orders detailing the military judge at trial.

trary, the record establishes that Judge Mahoney was properly detailed.

■ As to the credit for pretrial confinement, our case law and RCM 305(k) provide for day-for-day administrative credit for the following: pretrial confinement—*United States v. Allen*, 17 MJ 126 (CMA 1984); failure to review the order of pretrial confinement within 48 hours—RCM 305(i), as modified by *United States v. Rexroat*, 38 MJ 292, 298 (CMA 1993); failure to deliver to the defense a copy of the magistrate's report—*United States v. McCants*, 39 MJ 91, 94 (CMA 1994); and illegal pretrial confinement—RCM 305(k).

The purpose of pretrial confinement is to ensure the person is present for trial; thus, we hold that pretrial confinement includes any period prior to completion of the trial. *See* RCM 304(g).

■ Was there illegal pretrial confinement? An individual "may be ordered into pretrial confinement" when "(1) An offense triable by court-martial has been committed; (2) The person confined committed it; and (3) Confinement is required by the circumstances." RCM 305(d).

According to RCM 305(h)(2)(B)(iii), pretrial confinement may be "necessary because it is foreseeable that: (a) the prisoner will not appear at trial, pretrial hearing, or investigation, or (b) the prisoner will engage in serious criminal misconduct," and (iv) a lesser form "of restraint" would be "inadequate." This Rule also provides: "Serious criminal misconduct includes intimidation of witnesses or other obstruction of justice . . . ."

■ Certainly the judge's findings of guilty established grounds for concluding that "serious criminal misconduct" had been committed. However, there was no evidence that appellant was a flight risk or would obstruct justice. When given a chance to introduce additional evidence as to the "safety of the community" or the impact on "morale, discipline, readiness, or safety of the command," the prosecution declined. *See* RCM 305(h)(2)(B), Discussion. As a result, appellant was given 10 for 1 credit for little less than 24 hours of illegal confinement. The members were not aware of the hearings or the illegal confinement prior to sentencing.

Since the original military judge and Judge Mahoney gave credit for illegal pretrial confinement, appellant cannot complain about the need for additional relief. Art. 59(a), UCMJ, 10 USC § 859(a).

■ As to the allegations of improper command influence during the post-trial proceedings, appellant has the burden of producing "sufficient evidence" to raise the issue. *United States v. Ayala*, 43 MJ 296, 299 (1995). While the threshold is low, no such evidence has been introduced in this case, even though more than 4 years has elapsed since the trial.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX, Judges SULLIVAN, GIERKE, and FLAUM [2] concur.

---

2. Judge Joel M. Flaum of the United States Court of Appeals for the Seventh Circuit, sitting by designation pursuant to Article 142(f), Uniform Code of Military Justice, 10 USC § 942(f).