# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38783 (reh)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Marcus A. MANCINI**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 October 2018

————————————

*Military Judge:* Vance H. Spath.

*Approved sentence:* Dishonorable discharge, confinement for 6 years and 11 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 22 June 2017 by GCM convened at Beale Air Force Base, California.

*For Appellant:* Major Annie W. Morgan, USAF.

*For Appellee:* Major J. Ronald Steelman III, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, HARDING and MINK, *Appellate Military Judges*.

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge HARDING and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4**

————————————

MAYBERRY, Chief Judge:

Originally Appellant was found guilty, contrary to his pleas, by officer members of three specifications of sexual assault, two specifications of abusive sexual contact, one specification of indecent visual recording, and one

specification of assault consummated by a battery in violation of Articles 120, 120(c), and 128, 10 U.S.C. §§ 920, 920(c), 928.[1] These offenses involved three victims, Senior Airman (SrA) CC, Ms. AE, and Ms. BM. Appellant was sentenced to a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to E-1. On appeal, we affirmed the findings as to the offenses involving SrA CC and Ms. BM. Pursuant to *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), we set aside the findings of guilt of the Additional Charge and its two specifications (one specification each of sexual assault and abusive sexual contact) involving Ms. AE, returned the record of trial to The Judge Advocate General (TJAG), and authorized a rehearing as to the set aside findings of guilt and as to the sentence. *United States v. Mancini*, No. ACM 38783, 2016 CCA LEXIS 660 (A.F. Ct. Crim. App. 7 Nov. 2016) (unpub. op.).

All of the original charges were re-referred to a general court-martial for findings on the Additional Charge and its Specifications and an appropriate sentence. Later, the Additional Charge and its Specifications were withdrawn and dismissed without prejudice because Ms. AE declined to participate in the proceedings. A rehearing on sentence was held on 22 June 2017. Appellant was sentenced by a panel of officer and enlisted members to a dishonorable discharge, confinement for nine years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority (CA) approved only so much of the sentence as provided for a dishonorable discharge, confinement for six years and 11 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellant now asserts two assignments of error: (1) this court is precluded from conducting a review pursuant to Article 66(c), UCMJ, 10 U.S.C. §866(c), of Specifications 1–3 of Charge I because the findings are ambiguous, and (2) Appellant is entitled to additional confinement credit. We affirm the findings but grant relief regarding confinement credit.

## I. BACKGROUND

Our original opinion was issued on 7 November 2016. The Government did not seek certification at the Court of Appeals for the Armed Forces

---

[1] Appellant was found not guilty of two specifications of sexual assault and one specification of assault consummated by a battery, in violation of Articles 120 and 128, UCMJ.

(CAAF).[2] On 9 January 2017, TJAG returned the case to the CA for a rehearing. On 10 January 2017, Appellant requested a continued confinement hearing. On 18 January 2017, the CA ordered a continued confinement hearing pursuant to Rule for Courts-Martial (R.C.M.) 305. On 28 January 2017, the charges involving Ms. AE were re-preferred, and, on 15 February 2017, all charges were re-referred.

A confinement hearing was held on 24 February 2017, and the hearing officer determined Appellant should remain in confinement pending trial. On 10 March 2017, a confinement order reflecting this decision was sent to the Navy Brig in Miramar, California, where Appellant was being held. Brig personnel indicated that this order constituted placement into pretrial confinement status, and therefore the procedures of R.C.M. 305 required another hearing within seven days. Although Air Force legal office personnel disagreed, another hearing was held on 17 March 2017. The second hearing officer ordered Appellant to be released from confinement. Appellant was released on 20 March 2017 and arrived at Beale Air Force Base on 21 March 2017. At the sentence rehearing, Appellant received 886 days of confinement credit.[3]

At trial, Appellant filed a motion for illegal pretrial punishment for the time he spent in confinement after this court's decision on 7 November 2016 until he was released on 20 March 2017.[4] Appellant asserted that this was a violation of Article 13, UCMJ, 10 U.S.C. § 813, and cited *United States v. Kruetzer*, 70 M.J. 444 (C.A.A.F. 2012), *United States v. Combs*, 47 M.J. 330 (C.A.A.F. 1997), and *United States v. Miller*, 47 M.J. 352 (C.A.A.F. 1997), for that premise. The Government opposed the motion. First, the Government asserted Appellant was not entitled to a continued confinement hearing; therefore, he was not entitled to additional confinement credit under R.C.M. 305. Alternatively, the Government argued that, if Appellant was entitled to a continued confinement hearing, the Government acted in compliance with the law, citing *Kruetzer*, *Miller,* and *United States v. Katso* (*Katso III*), 76

---

[2] Appellant did seek review at the CAAF, but his petition was ultimately dismissed without prejudice for lack of jurisdiction. *U.S. v. Mancini*, 76 M.J. 172 (C.A.A.F. 2017) (mem.).

[3] This included 17–20 March 2017.

[4] Appellant also argued that an order issued by his commander on 6 June 2017 making his off-base residence his place of duty and requiring Appellant to give 24 hours' notice to come on base for any reason amounted to illegal pretrial confinement or punishment. The military judge denied the motion and Appellant does not assert this as error on appeal.

M.J. 704 (A.F. Ct. Crim. App. 2017) (unpub. op.), *aff'd in part, rev'd in part*, *United States v. Katso (Katso IV)*, 77 M.J. 247 (C.A.A.F. 2018*)*, for that premise.[5] The military judge denied the motion for illegal pretrial confinement.

On appeal, Appellant relies on *United States v. Gay*, 75 M.J. 264, 269 (C.A.A.F. 2016), and requests that we exercise our Article 66(c), UCMJ, authority to grant sentence relief due to a "legal deficiency in the post-trial process." The Government proffers a series of reasons as to why Appellant is entitled to no additional confinement credit.

## II. DISCUSSION

### A. Ambiguous Findings

#### 1. Law

With minor exceptions for capital cases, a "court-martial panel, like a civilian jury, returns a general verdict and does not specify how the law applies to the facts, nor does the panel otherwise explain the reasons for its decision to convict or acquit." *United States v. Hardy*, 46 M.J. 67, 73 (C.A.A.F. 1997) (footnote omitted).

> In returning such a general verdict, a court-martial panel resolves the issue presented to it: did the accused commit the offense charged, or a valid lesser included offense, beyond a reasonable doubt? A factfinder may enter a general verdict of guilt even when the charge could have been committed by two or more means, as long as the evidence supports at least one of the means beyond a reasonable doubt.

*United States v. Brown*, 65 M.J. 356, 359 (C.A.A.F. 2007) (citing *Griffin v. United States*, 502 U.S. 46, 49–51 (1991)); *see Schad v. Arizona*, 501 U.S. 624, 631 (1991) (plurality opinion) ("We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.").

---

[5] In *United States v. Katso (Katso I)*, 73 M.J. 630 (A.F. Ct. Crim. App. 2014), this court set aside the findings and sentence. In *United States v. Katso (Katso II)*, 74 M.J. 273 (C.A.A.F. 2015), the CAAF reversed our decision in Katso I and remanded the case to this court for further proceedings under Article 66, UCMJ. As will be discussed *supra*, *Katso III* and *Katso IV* address the applicability of Article 13 and R.C.M. 305 to confinement review hearings when the case is pending appellate review at the CAAF.

Article 66(c), UCMJ, requires this court to affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law. "[W]e apply the clear law at the time of appeal, not the time of trial." *United States v. Mullins*, 69 M.J. 113, 116 (C.A.A.F. 2010) (citing *United States v. Harcrow*, 66 M.J. 154, 159 (C.A.A.F. 2008)).

**2. Additional Facts**

Appellant was originally charged, *inter alia*, with two specifications of sexual assault and one specification of abusive sexual contact involving SrA CC.[6] The offenses were alleged to have occurred when Appellant knew or should have known that SrA CC was asleep, unconscious, or otherwise unaware the sexual act/abusive contact was occurring. This court affirmed the guilty findings on these offenses. At the original trial and upon initial appellate review, Appellant did not raise a claim as to ambiguous findings. At the sentence rehearing, Appellant "preserved for the record a general objection," citing to *United States v. Sager*, 76 M.J. 158 (C.A.A.F. 2017).

**3. Analysis**

Shortly after we remanded this case, our superior court issued its decision in *Sager*, addressing the viability of affirming Article 120, UCMJ, offenses charged in the disjunctive, specifically, "asleep, unconscious, or otherwise unaware." The CAAF remanded the case to the Navy-Marine Corps Court of Criminal Appeals for further factual sufficiency review. The CAAF's decision in *Sager* was based on its finding that the military judge gave an erroneous instruction requiring the members to specifically identify the theory upon which they convicted and not on the mere fact that the Government charged disjunctive theories of liability.

Assuming without deciding that this issue is properly before us, the facts of this case can be distinguished from those in *Sager*. Although the three specifications alleging sexual assault or abusive contact of SrA CC contained the same disjunctive language as in *Sager*, this case, unlike *Sager*, did not involve an erroneous instruction by the military judge requiring the members to vote individually as to the separate theories of liability. *Sager* does not in any way affect our earlier assessment regarding the findings of guilty on Specifications 1–3 of Charge I and Charge I and we adopt those findings here. We could and did exercise our full authority under Article 66(c), UCMJ, and affirmed the findings of guilty on Specifications 1–3 of Charge I and Charge I, finding them legally and factually sufficient. We again conclude the findings

---

[6] This was Charge I, Specifications 1 through 3.

of guilty as to Specifications 1–3 of Charge I and Charge I are legally and factually sufficient.

## B. Confinement Credit

### 1. Law

"No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence . . . ." Article 13, UCMJ.

An individual may be ordered into pretrial confinement when "(1) An offense triable by court-martial has been committed; (2) The person confined committed it; and (3) Confinement is required by the circumstances." R.C.M. 305(d).

In R.C.M. 305(f), (h), (i), and (j), the President established a set of procedural rules for the imposition and review of pretrial confinement. *See Manual for Courts-Martial, United States* (2016 ed.), App. 21, at A21–17 to A21–21. To ensure the procedural rules are followed, the President ordered that an accused be granted day-for-day credit for noncompliance. R.C.M. 305(k).

Pretrial confinement may be "necessary because it is foreseeable that: (a) the prisoner will not appear at trial, pretrial hearing, or investigation, or (b) the prisoner will engage in serious criminal misconduct," and a lesser form "of restraint" would be "inadequate." R.C.M. 305(h)(2)(B)(iii) and (iv).

TJAG "shall, unless there is to be further action by the President, the Secretary concerned, the Court of Appeals for the Armed Forces, or the Supreme Court, instruct the [CA] to take action in accordance with the decision of the Court of Criminal Appeals." Article 66(e), UCMJ. If TJAG immediately decides not to pursue a case any further, there must be immediate notice to the CA of the opinion of the Court of Criminal Appeals and "immediate direction to release an accused or conduct a hearing under RCM 305 . . . on pretrial confinement." *Miller*, 47 M.J. at 361 (citations omitted).

### 2. Additional Facts

The following timeline is essential to resolving the issue of confinement credit:

| | |
|---|---|
| 7 November 2016 | This court issues opinion setting aside the findings of guilt as to the Additional Charge and its Specifications and the sentence. |
| 9 January 2017 | TJAG remands the case to the CA for rehearing as to findings and sentence or only sentence. |

| 10 January 2017 | Appellant's appellate defense counsel requests a confinement hearing. |
| 18 January 2017 | CA orders a rehearing on the findings and sentence and orders an R.C.M. 305 hearing. |
| 27 January 2017 | Trial defense counsel detailed to Appellant. |
| 6 February 2017 | Pretrial confinement hearing scheduled. |
| 15 February 2017 | Additional Charge re-referred to trial. |
| 24 February 2017 | Confinement hearing held, Appellant ordered to remain confined. |
| 10 March 2017 | Confinement order produced and provided to Miramar Brig. |
| 14 March 2017 | Brig personnel inform legal office that a hearing was necessary under RCM 305 to determine if continued pre-trial confinement is warranted and they would need the 48 hour and 72 hour letters. |
| 17 March 2017 | Second confinement hearing held; Appellant ordered to be released from confinement. |
| 20 March 2017 | Release order signed and sent to Brig. Appellant released. |
| 21 March 2017 | Appellant arrives at Beale Air Force Base. |

**3. Analysis**

When Appellant's case was returned to the CA on 9 January 2017, our decision setting aside the findings as to the Additional Charge and its Specifications and the sentence was no longer inchoate. Consequently, Appellant was no longer an adjudged prisoner and any decision to confine him was subject to R.C.M. 305. *See Miller*, 47 M.J. at 361; *cf. Katso IV,* 77 M.J. 247; *Kruetzer*, 70 M.J. 444; *Moore v. Akins*, 30 M.J. 249 (C.A.A.F 1990).

*Katso III and IV* address an appellant's right to review of continued confinement when a case is pending appellate review at the CAAF. After our decision in *Katso I* reversing the findings and sentence, Katso remained confined. Almost a year after the CAAF certified the Government appeal but before issuing *Katso II,* Katso requested review of his continued confinement. The review was held and the reviewing officer determined Katso should remain in confinement because it was foreseeable that he was a flight risk and would engage in other serious misconduct, and less severe forms of restraint were inadequate. When the case was remanded to us pursuant to the decision in *Katso II*, Katso asserted that he was entitled to day-for-day sentence relief

for procedural errors under R.C.M. 305 relating to his confinement pending resolution of the Government appeal. We held that a continued confinement hearing was required within seven days of TJAG certification[7] and awarded Katso with 365 days of credit. *Katso III,* 76 M.J. at 706. In *Katso IV*, the CAAF reversed this court's granting of 365 days of administrative credit holding that Katso was not in pretrial confinement. The CAAF went on to state that Article 57a, UCMJ, 10 U.S.C. § 857a, not R.C.M. 305, is controlling. Article 57a(c), UCMJ, states,

> In any case in which a court-martial sentences a person to confinement and the sentence to confinement has been ordered executed, but in which review of the case under section 867(a)(2) of this title (article 67(a)(2)) is pending, the Secretary concerned may defer further service of sentence to confinement while that review is pending.[8]

In *Miller*, the CAAF held that when TJAG returns a case to the CA without seeking review at the CAAF, there must be immediate direction to release an accused or conduct a hearing under R.C.M. 305 on pretrial confinement. *Miller*, 47 M.J. at 362 (citations omitted). The *Katso IV* decision held that *Miller* was not controlling, pointing out the fact that although *Miller* was decided after Article 57a, UCMJ, was enacted, it "failed to address Article 57a, UCMJ, let alone its statutory primacy on the question of deferral of sentence, including confinement" during a pending appeal pursuant to Article 67. Furthermore, CAAF did not say R.C.M. 305 did not apply, it simply went on to state that *Miller* did not purport to hold that *all* the procedures and penalties contained within R.C.M. 305 traveled along with "a R.C.M. 305-styled continued confinement hearing." 77 M.J. at 251. Again, the focus here was to minimize the applicability of R.C.M. 305 on *continued* confinement hearings. This distinction was lost on the Government counsel at trial and on appeal as well as the military judge.

Article 57a, UCMJ, does not apply in Appellant's case because no certification to the CAAF occurred. *See United States v. Saintaude*, ARMY 9801647,

---

[7] We applied the holdings in *Moore*, *Miller* and R.C.M. 305(i)(2).

[8] The CAAF held that the language of Article 57a is broad enough to permit a continued confinement hearing so that the relevant Secretary can determine whether to release the prisoner in accordance with Article 57a(c) but the statute is silent on how or when the determination to release is to be made, and neither the President nor a majority of the service Secretaries have promulgated procedural rules or remedies implementing the statute to address these questions. *Katso IV*, 77 M.J. at 251.

2003 CCA LEXIS 418 (A. Ct. Crim. App. 15 Oct. 2003) (unpub. op.) (holding that pretrial confinement is subject to review as an Article 13, UCMJ, violation where a case is sent back for sentence rehearing and Appellant is confined pending that rehearing).

While the military judge found Appellant's case "much more like *Kruetzer* than *Miller*," we disagree. First, in *Kruetzer*, after the Army CCA set aside all of the contested findings and the death sentence, the Government appealed to the CAAF pursuant to Article 67, UCMJ, 10 U.S.C. § 867. There was no Government appeal in Appellant's case. Second, as the dissent in *Kruetzer* correctly pointed out, it was "important to note what this case is not about. It is not about whether Kruetzer should have been released from confinement after the CCA set aside his convictions for the contested findings . . . and the sentence. Kruetzer . . . only requested he be transferred from death row . . . ." *Kruetzer*, 70 M.J. at 449 n.3.

The CAAF decision in *Kruetzer* is primarily focused on Article 13, UCMJ, not R.C.M. 305. The *Kruetzer* majority held that Article 13, UCMJ, only applies to persons "held for trial," 70 M.J. 447 (footnote omitted), and relied on *United States v. Inong*, 58 M.J. 460, 463 (C.A.A.F. 2003), to establish that "held for trial" ends after guilt is established at trial. Unlike Article 13, UCMJ, R.C.M. 305(a) clearly states that pretrial confinement is imposed "pending disposition of charges." If the *Kruetzer* holding is not limited to an analysis of Article 13, it directly contradicts the holding in *United States v. Tilghman*, 44 M.J. 493 (C.A.A.F. 1996), where the CAAF upheld the trial judge's decision to grant two-for-one illegal pretrial confinement credit for the time Tilghman was confined *between the announcement of findings and the announcement of sentence* because the Government ignored the trial judge's decision that pretrial confinement was not warranted after Tilghman had been convicted but not yet sentenced. *Tilghman* 44 M.J. at 495 (emphasis added).[9]

---

[9] Additionally, in *United States v. Simoy*, 50 M.J. 1 (C.A.A.F. 1998), the CAAF affirmed this court's original decision as to the findings but reversed as to the sentence. On further review, this court addressed Simoy's allegation that the military judge erred by failing to grant relief for illegal pretrial confinement with regard to his confinement between the CAAF's decision and the sentence rehearing. This court held there had been no "disposition" of the charged offenses, found Simoy's trial was not complete, and determined his continued restraint from the time of the CAAF's mandate until sentence announcement was pretrial confinement. *United States v. Simoy*, ACM 30496, 2000 CCA LEXIS 183, at *3–5 (A.F. Ct. Crim. App. 2000) (unpub. op.).

These distinctions are significant regarding the applicability of R.C.M. 305 and Article 13, UCMJ. The military judge's mistaken use of the holding in *Kruetzer* thereby excluding any application of R.C.M. 305 in this case and his subsequent denial of illegal pretrial confinement credit was an abuse of discretion.

Article 66(e), UCMJ, requires the CA to take action in accordance with the decision of the CCA when no further review is pending. The Government acknowledges that Article 66(e), UCMJ, controls but asserts that *Kruetzer* stands for the proposition that an appellant who remains convicted of an offense but is facing a rehearing is not a pretrial confinee and therefore not entitled to the protections of R.C.M. 305 and Article 13, UCMJ. For the reasons stated above, the Government's interpretation of *Kruetzer* is erroneous. When there was no further review pending in Appellant's case and it was remanded to the CA, there was no longer an inchoate appellate decision, so Appellant, while still convicted, had not yet been sentenced. *Lawful* confinement at this stage would be pursuant to being held for trial and therefore subject to Article 13, UCMJ, and R.C.M. 305. The fact that Appellant remained convicted of some offenses did not independently justify his confinement pending a rehearing pursuant to the remand. While his affirmed convictions would provide evidence that he had committed offenses triable under the UCMJ, that evidence only satisfies two of the three requirements for pretrial confinement under R.C.M. 305(h)(2)(B). There must also be a finding that confinement is necessary because it is foreseeable that Appellant would not appear for trial or that Appellant would engage in serious criminal misconduct *and* that less severe forms of restraint are inadequate.

After Appellant's case was remanded by TJAG, the CA's Staff Judge Advocate advised the CA that

> [he] must either order [Appellant's] release from confinement or order a hearing under Rule for Courts-Martial (R.C.M.) 305 to determine whether [Appellant] remains in confinement . . . and [he] may order a rehearing [on the findings that were set aside and the sentence] or, if a rehearing is impracticable, a supplementary court-martial order must be submitted.

Nine days later, on 18 January 2018, the CA ordered both a rehearing on the set-aside findings and a confinement hearing pursuant to R.C.M. 305.

In this case, the Government alternatively asserts that, even if a confinement hearing was required, much of the delay before the confinement hearing was attributable to the Defense. While we agree, that does not negate the delay attributable to the Government. On 18 January 2017, the CA ordered both a rehearing and a confinement hearing. The Government was

taking the necessary steps to bring Appellant to trial, and therefore the onus was on the Government to ensure Appellant was represented. Trial counsel's actions to contact Appellant's appellate counsel were misdirected and resulted in a delay of nine days before trial defense counsel was appointed. As such, the Government failed to ensure Appellant was represented by appropriate counsel in a timely fashion. *See* R.C.M. 305(f).

The issue that permeates the remaining confinement actions is the trial legal office's consideration of the confinement hearing as a continued confinement hearing, not a pretrial confinement hearing pursuant to R.C.M. 305. This is evidenced by the delay in producing the confinement order, which was not completed until 14 days after the hearing. Upon receipt of the order, the confinement facility inexplicably treated 13 March 2017 as the "first day of pretrial confinement" and informed the trial legal office that another hearing was necessary under R.C.M. 305 to determine if continued pre-trial confinement is warranted; the hearing needed to occur within seven days; and they would "need the 48 hour and 72 hour letters." Despite the fact that the trial legal office did not agree with the view that Appellant was in pretrial confinement as opposed to continued confinement, a second hearing was held on 17 March 2017 at which time the reviewing officer found Appellant did not need to remain in confinement. However, Appellant was not released from confinement until 20 March 2017 when the trial legal office was able to identify the commander who could sign the required release order.

The CA's 18 January 2017 order to conduct a confinement hearing is entitled "R.C.M. 305 Hearing," yet goes on to say, "Since the [Appellant] is in confinement, I direct that a hearing on continued confinement be conducted under Rule for Courts-Martial (R.C.M.) 305." The first hearing officer's report is entitled "Pretrial Confinement Hearing." The second hearing officer uses the same 18 January 2017 order but indicates the hearing was conducted "in accordance with [R.C.M.] 305 and the court decision in *US v. Katso*." The Government's brief on appeal repeatedly relies on the notion that Appellant was not entitled to a *continued* confinement hearing. We agree with regards to the *Katso IV*-defined *continued* confinement hearing. However, Appellant was entitled to a pretrial confinement review hearing pursuant to R.C.M. 305(i)(2), required to be held within seven days of the imposition of confinement.

The Government argues that Appellant's claim for additional confinement credit is moot and that, if there was any error associated with the confinement hearings, Appellant was not prejudiced because the sentence adjudged

11

at the rehearing exceeded the amount of time he had spent in confinement. Again, this analysis misses the point. There is no question that Appellant was entitled to credit for the entire time he spent in confinement.[10] The issue is whether he was entitled to additional credit for illegal pretrial confinement and, if so, for what period of time.

TJAG returned the case to the CA on 9 January 2017. Nine days later, the CA ordered the confinement hearing. Defense counsel was appointed after another nine days, and, ten days later on 6 February 2017, defense counsel agreed to a hearing to be held on 24 February 2017. Pretrial confinement started on 9 January 2017. There was no 48-hour probable cause determination or 72-hour review pursuant to R.C.M. 305(h)(2)(A) and (i)(1). While there was a review of continued pretrial confinement after the hearing on 24 February 2017, it was not done until 17 March 2017, 21 days after the determination to keep Appellant confined—not in compliance with the seven-day review mandated by R.C.M. 305(i)(2). Because the Government did not consider this a pretrial confinement hearing, there was no urgency to satisfy the requirements of R.C.M. 305(h) and (i). We hold the Government responsible for the delay between 10 January 2017 and 6 February 2017. We hold the Defense responsible for the delay between 6–24 February. Pursuant to R.C.M. 305(k), the appropriate remedy for noncompliance with subsections (h) and (i) is administrative day-for-day credit. As such, Appellant is entitled to illegal pretrial confinement credit of 49 days, and the CA shall so direct in the final action.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[10] *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

Accordingly, the approved findings and sentence are **AFFIRMED**.[11]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[11] We note the court-martial order does not include that the case was heard by officer and enlisted members. We direct the publication of a corrected court-martial order.